IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

ERNEST JOSEPH VENNEAU,
  Plaintiff,

v.                                              CASE: 9:23-CV-80666-JEM

GEO GROUP CORPORATION,
SARGENT BEHESHTI, and
SARGENT MUNNING,
  Defendant's.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION

Plaintiff, Ernest Venneau, hereby responds to Defendant's request for production, pursuant to Fed.R.Civ.P. 37(a) and the local rules for the Southern District of Florida in grounds support thereof, Plaintiff states the following:

1. Enclosed is a total of four (4) DC1-303, Formal Grievances. The original from South Bay Correctional Facility. (See: Exhibit A); Two (2) from Mayo Correctional Institution, received February 9, 2023 (See: Exhibit B); and one from Mayo Correctional Institution received April 3, 2023 (See: Exhibit C).

2. Plaintiff has already provided all the above-mentioned grievances when Plaintiff sent Carlos A. Garcia, Defendants' attorney of record, a copy of the Amended Complaint in June of 2024 with all exhibits attached, the same as the ones the Court has. Order on June 21, 2024. Discovery page 3, Line A.

3. Defendants know the Plaintiff is not in possession of any records regarding the rape or mental health records as the Defendants know all that evidence is in a third-party possession (Florida Department of Corrections, Calhoun Correctional Institution, and South Bay Correctional Facility), per the Defendants' Fed.R.Civ.P.

Rule 45 motion, filed December 27, 2024.

4. Also included, is one (1) informal grievance written against and submitted on Calhoun Correctional Institution, Mental Health Dept. (See: Exhibit D; Mental Health records grievance). Plaintiff has continuously attempted to get the third-party to release the records to me to no avail, this is the reason I filed the Fed.R.Civ.P. Rule 45 motion dated December 6, 2024.

5. Aslo included is a copy of Plaintiff's Medical Records of the sexual assault and the medicine I was prescribed for the rape. (See: Exhibit E: 8 pages of medical records given to Plaintiff on January 20, 2025 from third-party Calhoun C.I. Medical Dept.) Additionally, the informal grievance for these records.

5. Also, the Consent and Authorization for Use and Disclosure Inspection and Release of Confidential Information I signed and sent to Carlos A. Garcia, Defendants' attorney of record on November 13, 2024, date-stamped for mailing from Calhoun Correctional Institution provided. (See: Exhibit F; Consent and Authorization Form).

## MEMORANDUM OF LAW

Defendants are mistaken where Plaintiff has followed all discovery rules, including Rule 37(a), on every item the Defendants have requested. The list of requests are clearly meant to be obtained from non-parties. For instance, my prison file, prison disciplinary record, grievances, incident reports, inmate violence matrix, and investigative reports from the date of inception of the documents to present. All medical records and all mental health records.

Federal Rule of Civil Procedure 34(a) governs document production and states:

> "…a party must produce documents responsive to a
> request for production so long as those documents are in
> the party's possession, custody or control."

*Pictet Overseas, Inc. v. Helvetica Trust*, No: 13-81088-civ, 2014 WL 5034725 *8 (S.D. Fla. Sept. 8, 2014); Fed.R.Civ.P. Rule 34(a)

Furthermore, a party cannot be compelled to produce that which is not in the party's possession, custody or control. (See: *Amerisure Ins. Co. v. R.L. Lantana Boatyard, Ltd.*, No.:10-80429-civ, 2011 WL 13228086 *2 (S.D. Fla. Apr. 7, 2011). For discovery purposes, a party has "control" over documents when the party has a "practical ability to obtain the materials sought on demand." *Costa v. Kerzner Intern. Resorts, Inc.*, 277 F.R.D. 468, 471 (S.D. Fla. 2011).

Plaintiff's incarceration at Calhoun Correctional Institution does not make these documents accessible or available for production. As of this filing, Plaintiff has prepared and served her responses to Defendants' requests for production accordingly. Consequently, Defendants' motion to compel should be denied.

## CONCLUSION

For reasons stated herein, Plaintiff, Ernest Joseph Venneau, requests the Defendants' motion to compel be DENIED.

Respectfully submitted,

*/s/ Ernest Joseph Venneau 788819*
Ernest Joseph Venneau #788819

3

## CERTIFICATION OF SERVICE

**I HEREBY CERTIFY** that true and correct copy of the foregoing document has been placed in the hands of mailroom personnel at Calhoun C.I. for mailing by First Class Mail to:

United States Courthouse
Southern District
701 Clematis Street
West Palm Beach, FL 33401

Defendants through their attorney of record:

Carlos A. Garcia
515 E. Las Olas Blvd.
Suite 1400
Fort Lauderdale, FL 33301

on this $\partial 7$ day of January, 2025.

                                              Ernest Joseph Venneau #788819
                                              Calhoun Correctional Institution
                                              19562 S.E. Institution Dr.
                                              Blountstown, Florida 32424

Ernest Venneau # 788819
Calhoun Correctional institution
19562 S.E. institution Drive
Blountstown, FL 32424

INSPECTED

United STAte Court House
Souther District
701 Clematis STreet
West PAlm Beach, FL. 33401

LEGAL MAIL

US POSTAGE PITNEY BOWES
$ 002.87
JAN 28 2025
ZIP 32424
02 7H
0006199692
FIRST-CLASS